*United States District Court*
*For the Northern District of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRLEY HETLAND, | No. C 13-0498 RS |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFAULT JUDGMENT** |
| SIMM ASSCOICATES, INC., | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Shirley Hetland moves for entry of a default judgment against defendant Simm Associates, Inc. under Federal Rule of Civil Procedure 55(b)(2) in the amount of $6,399. Her complaint alleges that Simm violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e(10) & (11), and the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code §1788.30(b), by leaving a voicemail for her that did not disclose that the caller was a debt collector calling about a debt, but instead identified the call as from "Simm Associates" about a "business matter." Compl., Dkt. 1, ¶¶16-18. Plaintiff seeks statutory damages totaling $2,000, which represents the $1,000 statutory maximum that may be obtained for violations of the FDCPA and the

RFDCPA. *See* FDCPA, 15 U.S.C. § 1692(k)(a)(2)(A); RFDCPA, Cal. Civ. Code § 1788.30(c). Plaintiff further requests $4,049 for attorneys fees $350 for costs pursuant to those statutes. *See id.* at § 1692(k)(a)(3); § 1788.30(c).

## II.   BACKGROUND

Plaintiff filed the complaint in this case on February 5, 2013. Dkt. 1. Defendant was served on February 11, 2013. Dkt. 5. When defendant did not respond within the time period allowed by Rule 12, plaintiff moved for an Entry of Default on March 8, 2013. The Clerk entered default against Simm on March 12, 2013.

The complaint avers that plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3), and that Simm is a debt collector as defined by 15 U.S.C. § 1692a(6). Simm attempted to collect a debt from plaintiff that arose from transactions for personal, family and household purposes, thereby satisfying the definition of debt in 15 U.S.C. § 1692a(5). Simm placed at least one telephone call to plaintiff at her home telephone number in April or May of 2012 and left a voicemail stating:

> Hello Ms. Hetland this is Ginger Wheeler I'm with the office of Simm Associates. You have a business matter sent to my office that I need to discuss with you or whoever represents you. Please return my call at 1-800-651-9054. Your reference number is 6528291.

Compl., Ex. A.

## III.   LEGAL STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## IV.   DISCUSSION

Hetland contends that the single voicemail Simm left for her violated the FDCPA's prohibitions on "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" and "[t]he failure to disclose in the . . . initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."  15 U.S.C. § 1692e(10) & (11).  Based on the complaint, which must be accepted as true, Hetland has stated a claim upon which relief may be granted, at least under Section 1692e(11), which required the representative from Simm who left her a voicemail to convey that the call was specifically from a debt collector regarding a debt owed.  *See Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069 (N.D. Cal. Dec. 19, 2007) (holding that a voicemail failing to state that it is from a debt collector in regards to a debt owed violates Section 1692e(11)).  A violation of the FDCPA is, by definition also a violation of the RFDCPA.  *See* Cal. Civ. Code § 1788.17.  It is not necessary, therefore, to reach the question of whether a failure affirmatively to provide such information, standing alone, would also constitute using a deceptive means to collect a debt under Section 1692e(10), given that the voicemail from Simm did not contain any statements that are literally false.

The grounds for default are clearly established.  Simm was served with the complaint and summons and filed no responsive pleading.  There is no indication of good faith mistake or excusable neglect justifying Simm's failure to respond or otherwise defend against plaintiff's allegations, nor would the granting of a default judgment result in substantial prejudice to Simm.

Plaintiff has, therefore, established the grounds for default judgment and its entitlement to relief.  The FDCPA allows "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00."  15 U.S.C. § 1692k(2)(A).  The RFDCPA additionally provides for "a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)."  Cal. Civ. Code § 1788.30(b).

In determining the amount of liability in an individual action under the FDCPA, the court may look to, among other relevant factors, the frequency and persistence of noncompliance by the

debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(2). Hetland points to a number of cases in which other plaintiffs were awarded the full statutory damages under the FDCPA and RFDCPA that she seeks here—$2,000. The behavior warranting such damages was far more egregious than what occurred here, involving repeated phone calls, calls to third parties, and harassing statements. By contrast, plaintiff here has only alleged that Simm left her a single voicemail that, while technically noncompliant with an element of the FDCPA, appears entirely courteous. The circumstances here weigh in favor of granting damages at the low end of what is permitted by statute. A default judgment for statutory damages totaling $500 shall be entered: $250 for violating the FDCPA and $250 for violating the RFDCPA.

Plaintiff further requests an attorney fee award of $4,049, based on an attorney hourly billing rate of $285 for 11.9 hours total by three different lawyers and a paralegal hourly billing rate of $145 for 0.5 hours. Based on a review of the time records submitted and the record of this case, the for purposes of calculating a fee award, the requested amount of time was reasonably expended in prosecuting this action to judgment, at a reasonable hourly rate. Accordingly, a fee award in the amount of $4,049 will be added to the judgment. Furthermore, $350 in court costs expended on the filing fee in this case shall also be included.

## V.   CONCLUSION

The motion is granted. A separate judgment in plaintiff's favor will issue.

IT IS SO ORDERED.

Dated: 8/22/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE